**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

OLEG SOCOLOV,

                            Petitioner

    v.

STATE OF UTAH, et al.,

                          Respondents

Case No. 2:20-cv-01881-JAD-DJA

**Order Dismissing Petition and Denying Motions as Moot**

[ECF Nos. 1-2, 3, 5]

*Pro se* Petitioner Oleg Socolov, an immigration detainee, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254[1] seeking review of his Utah criminal conviction and immigration proceedings. He moves for late filing and reconsideration of detention.[2] On initial review under the Rules Governing Section 2254 Cases,[3] I find that his petition is plagued by jurisdictional defects. So I dismiss the petition without prejudice and deny and his motions as moot.

## Background[4]

Socolov, a native citizen of Moldova, brings the petition to challenge his 2020 conviction in the Fifth District Court for Iron County, Utah, located in Cedar City. After a bench trial, that Utah court convicted Socolov of misdemeanor assault domestic violence, domestic violence in front of a child, threat of violence, disorderly conduct, and intoxication. He was immediately transferred to the custody of the U.S. Immigration and Customs Enforcement ("ICE") division of the Department of Homeland Security and is currently detained at the Nevada Southern Detention Center in Pahrump, Nevada. Socolov reports that he is in removal proceedings and his applications for relief were denied at a merits hearing on May 1, 2020.[5]

---

[1] ECF No. 5. Petitioner paid the $5.00 filing fee when filing the petition. ECF No. 5-2.

[2] ECF Nos. 1-2, 3.

[3] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

[4] This procedural history is derived from petitioner's allegations and exhibits.

[5] ECF No. 4 at 1.

1

Socolov's petition alleges the "possibility of actual innocence" of the 2020 Utah conviction.[6] He claims that the Utah court abused its discretion by considering certain evidence and his testimony proved sabotage and self-defense. He asks this court to "review this case without exhaustion of Post-conviction [*sic*] relief," vacate his conviction, and terminate his probation.[7]

In a separate motion, Socolov asks this court to reconsider an immigration judge's bond decision resulting in his prolonged detention.[8] In March 2020, the immigration judge him found him to be a danger to the community. Five months later, the immigration judge granted his motion to reconsider and set bond at $10,000. Socolov reports that he has not appealed the bond decision; however, he requests that this court release him on his own recognizance.

## Discussion

Habeas Rule 4 requires the assigned judge to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.[9] This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false,[10] or plagued by procedural defects.[11]

Federal courts are courts of limited jurisdiction.[12] The court "is obligated to ensure it has jurisdiction over an action, and once it determines it lacks jurisdiction, it has no further power to act."[13] The court must consider a habeas petition by "a person *in custody pursuant to the judgment of a State court*" only on the ground that he or she is in custody in violation of the Constitution or federal law.[14] "Federal courts have authority to grant writs of habeas corpus

---

[6] ECF No. 5 at 2.

[7] *Id.*

[8] ECF No. 3 at 1.

[9] *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

[10] *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

[11] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[12] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

[13] *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017–18 (D. Nev. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

[14] 28 U.S.C. § 2254(a) (emphasis added); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (statute

'*within their respective jurisdictions.*'"[15] Habeas actions are no different than other federal civil actions—a district court must have personal jurisdiction over a petitioner's custodian to proceed.[16] When a petitioner names a respondent who is outside of the district court's territorial limits, the court lacks personal jurisdiction over that respondent.[17]

Socolov's habeas petition is subject to multiple defects. First, he is not in custody under the Utah court's judgment. Rather, the petition states that he is in ICE custody under a removal order. Habeas relief is thus unavailable under § 2254. Second, he did not properly name a Utah official or agency as a respondent. The petition names the State of Utah as the respondent, rather than a supervising probation officer or a state official in charge of probation within the Utah Department of Corrections. Third, even if he had named a Utah corrections official, the District of Nevada lacks personal jurisdiction over any state officer or official from the Utah Department of Corrections.

Lastly, this court lacks jurisdiction under § 2254 to review the immigration judge's bond determination. Because Socolov's petition challenges his Utah conviction, the only proper basis for his petition is § 2254. Federal district courts have jurisdiction under 28 U.S.C. § 2241—not § 2254—to review immigration "bond hearing determinations for constitutional claims and legal error."[18] However, immigration detainees must exhaust their administrative remedies before seeking habeas relief.[19] Even if Socolov's reconsideration motion were construed as a § 2241 petition, dismissal would be appropriate because he reports that he has not appealed the immigration judge's decision. The reconsideration motion also fails to allege any constitutional claims or legal error.

---

only provides jurisdiction for petitions by persons who are "in custody" for the conviction when the petition is filed).

[15] *Malone v. Calderon*, 165 F.3d 1234, 1237 (9th Cir. 1999) (quoting 28 U.S.C. § 2241 (emphasis added)); *Gouveia v. Espinda*, 926 F.3d 1102, 1108 (9th Cir. 2019).

[16] *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 495 (1973).

[17] *Malone*, 165 F.3d at 1237.

[18] *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011) (citing *Demore v. Kim,* 538 U.S. 510, 516–17 (2003)).

[19] *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).

Due to these multiple, substantial defects, I dismiss this improperly commenced action without prejudice. Based on the current record, I am unable to determine whether dismissal without prejudice will materially impact the analysis of the application of the limitation period in a promptly filed new action or otherwise cause substantial prejudice. Socolov is therefore advised that the Antiterrorism and Effective Death Penalty Act[20] establishes a one-year period of limitations for persons challenging a state conviction to file a § 2254 petition.[21]

IT IS THEREFORE ORDERED that:

1. Petitioner Oleg Socolov's Petition for Writ of Habeas Corpus **[ECF No. 5] is DISMISSED without prejudice**.
2. **A certificate of appealability is DENIED**, as jurists of reason would not find dismissal of the petition to be debatable or wrong.
3. Socolov's Motion for Late Filing and Motion to Reconsider Detention **[ECF Nos. 1-2, 3] are DENIED as moot**.

IT IS FURTHER ORDERED that the Clerk of Court is instructed to ENTER FINAL JUDGMENT dismissing this action and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
January 19, 2021

---

[20] 28 U.S.C. §§ 2244–2267.

[21] 28 U.S.C. § 2244(d).